United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ESTEPHANIA DEL CARMEN VALLE OBANDO,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-07094 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Estefania Del Carmen Valle Obando was, at the time this case was filed, detained at the California City Immigration Processing Center pending the resolution of her removal proceedings. She initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which she alleged, in part, that the bond hearing she was provided by the Immigration Court violated her due process rights and this Court's prior order granting habeas relief. *See* Dkt. No. 1 ¶¶ 45–50, 56–60, 67– 70. She subsequently moved for a temporary restraining order ("TRO"), Dkt. No. 4, and the Court set a briefing schedule on the TRO, Dkt. No. 6. Respondents timely responded to the TRO. *See* Dkt. No. 8.

The Court granted the TRO in part, ordered Petitioner's release, and directed Respondents to show cause why a preliminary injunction should not issue as to counts 1, 3, and 5 of the petition. Dkt. No. 11 at 7–8. The Court further enjoined and restrained Respondents from re-detaining Petitioner without first providing constitutional protections, including pre-deprivation notice and a timely hearing. *Id*. at 7. Respondents timely submitted a response to the order to show cause in which they indicated that they would "stand on previous briefing[,]" but did not oppose the Court converting the TRO to a preliminary injunction, or ruling directly on the underlying

United States District Court
Eastern District of California

petition, without further briefing. Dkt. No. 12 at 1.

Accordingly, for the reasons indicated in the Court's order granting the TRO, the Petition is GRANTED as to counts 1, 3, and 5 of the petition. And because it is unnecessary to resolve the remaining counts in the petition, the court declines to do so. The injunctive relief previously granted, Dkt. No. 11, is made permanent. This Order in no way prohibits the Government from re-detaining Petitioner in the event she becomes subject to an executable final order of removal.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: October 2, 2026

EDWARD J. DAVILA
United States District Judge